THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES SCHENCK, Plaintiff in Error.

*Opinion filed February 20, 1913.*

1. CONSTITUTIONAL LAW—*statutes to prevent occupational diseases are referable to police power of the State.* Statutes regulating the manner of conducting a legitimate business so as to protect employees from occupational diseases are sustainable, if at all, under the police power of the State.

2. SAME—*whether legislature's classification has a reasonable basis is a judicial question.* The legislature may classify persons or occupations for the purpose of legislative regulation and control provided such classification is not an arbitrary one but is based upon some substantial difference which bears a proper relation to the classification, and the question whether such classification is reasonable or arbitrary is a judicial one.

3. SAME—*act to prohibit use of emery wheels or belts in basement rooms is invalid.* The act of 1911, (Laws of 1911, p. 314,) to prohibit the use of emery wheels or emery belts in any basement or room lying wholly or partly beneath the ground, is invalid, as making an arbitrary discrimination against such rooms without regard to the question of ventilation or other sanitary conditions.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

ALBERT MARTIN, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (CHARLES E. WOODWARD, and NOLEMAN & SMITH, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a prosecution commenced in the municipal court of Chicago on complaint of William R. Dailey against Charles Schenck, charging him with violating an act in relation to the use of basements or rooms lying wholly or partly beneath the surface of the ground, passed by the legislature June 5, 1911, and in force July 1, 1911. (Laws

of 1911, p. 314.)   Schenck made a motion to quash the complaint on the ground that the act upon which it was based was unconstitutional, and pointed out a number of specific, constitutional objections.   The motion was over-ruled and a trial was had, resulting in the conviction of the defendant and the imposition of a fine against him of $25. The constitutionality of the act alleged to have been vio-lated being the only question involved in the case, defend-ant below has sued out a writ of error from this court.

The act in question is as follows:

"An act in relation to the use of basements or rooms lying wholly or partly beneath the surface of the ground as work rooms.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That no person shall be employed to operate any emery wheels or emery belts of any description, either leather, leather cov-ered, felt, canvas paper, cotton, or wheels or belts rolled or coated with emery, corundum or cotton, or wheels used as buffs, in any basement so-called, or in any room lying wholly or partly beneath the surface of the ground.

"Sec. 2. Any person, company, corporation or manager or director of any such company or corporation who shall fail to comply with the provision of section 1 of this act shall be deemed guilty of a misdemeanor and upon con-viction thereof, before any court of competent jurisdiction, shall be punished by a fine of not less than $25 and not more than $200."

In the view that we have as to the validity of the fore-going act it will not be necessary to notice all of the ob-jections urged against it.   By said act the employment of any person to operate certain classes of machinery "in any basement so-called, or in any room lying wholly or partly beneath the surface of the ground," is forbidden, and a violation thereof is made a misdemeanor and subjects the offender to a fine.   The act in question is manifestly in-

257 — 25

tended to protect the employees from occupational diseases,
and to promote the comfort, safety and welfare of those
who are required to work in basements in which emery
wheels and similar appliances are operated. The act is sus-
tainable, if at all, under the police power of the State. The
power of the legislature to classify persons or objects for
the purpose of legislative regulation or control and to pass
laws applicable only to such persons or objects is not ques-
tioned and has been sustained by numerous decisions of
this court, among which *People* v. *Edmands,* 252 Ill. 108,
*People* v. *Kaelber,* 253 id. 552, and *Rogers* v. *Carterville
Coal Co.* 254 id. 104, may be cited as recent decisions sus-
taining this proposition. It is equally well settled that the
legislature cannot make an arbitrary classification and then
limit a statute, in its operation, to such class. The classifi-
cation must be based upon some substantial difference which
bears a proper relation to the classification. Whether a
classification is based upon substantial differences or is ar-
bitrary, and consequently illegal, is a judicial question.

In *Bailey* v. *People,* 190 Ill. 28, this court had occasion
to pass upon section 16 of an act to create and establish a
board of health. That section made it unlawful for more
than six persons to occupy the same room for sleeping pur-
poses at the same time "in any lodging house," and pro-
hibited the occupation of any room in a "lodging house"
which did not contain at least "four hundred cubic feet or
more of space for each person sleeping therein at the same
time." The section was held unconstitutional because the
classification of the places affected by the act was not based
on substantial differences existing between lodging houses
and other public places where lodging was furnished to the
public, such as boarding houses, inns, hotels and the like.
In that case it was pointed out that there was no perceiv-
able difference between a room in a lodging house and a
similar room in any other public place where lodging was
furnished, and that it would be as deleterious to the health

for six or more persons to sleep in a room in a hotel or a boarding house as in a similar room in a lodging house, and the act was therefore an unreasonable discrimination against the keepers of lodging houses.

In *Starne* v. *People*, 222 Ill. 189, the act brought in question was generally known as the "Miners' Wash-house act." That act required the owners and operators of coal mines to provide and maintain a wash-house for employees who worked in the mines, properly equipped, so that the employees could wash and change their apparel after coming out of the mine and before departing for their homes. The act was sought to be sustained on the ground that persons employed in coal mines, working below the surface of the earth, would come out of the mines covered with coal dust and dirt and with their clothing often wet, and that these facts furnished a reasonable basis for a classification upon which to rest the legislative act. This view was not sustained, and it was pointed out that there was no substantial difference between an employee who worked in a coal mine in respect to the condition of his person at the close of his day's work and many other employees, such as those who worked in foundries, machine shops and the like; that the effect of working in a foundry, engine room or other place where coal smoke and dust would settle upon the employee was in all respects similar to the results of working in a coal mine. The act was held to be an unreasonable and unjustifiable discrimination against the owners and operators of coal mines, and therefore unconstitutional and void.

Other cases illustrating this doctrine are cited in the two cases above referred to. The rule is well understood and need not be further illustrated.

A brief examination of the act now before us will show that it clearly contravenes the rule established in the above cases. The mere circumstance that a room lies wholly or partly beneath the surface of the ground, or is what is com-

monly called a basement, does not furnish any basis for pronouncing it more unsanitary than rooms above the surface. A room may be wholly or partly beneath the surface of the ground and yet be perfectly lighted and ventilated, so that it would be as sanitary, or more so, than many rooms that might readily be described that are above the surface. The evidence heard on the trial of plaintiff in error showed that the room in which the appliances forbidden by the act were operated was ten feet high, twelve feet wide and approximately twenty-four feet long, with a composite glass and wood partition on two sides and a window area of four by twelve feet opening on the street for ventilation; that the floor of the basement is eight feet below the sidewalk; that there is an exhaust fan operated in the room, which collects and blows out all of the particles of metal and dust that come from the emery wheels operated therein. It was shown that the exhaust fan had a capacity of 1640 cubic feet of air per minute and that the cubical contents of the room were 3456 feet, and that there was therefore a complete change of air for every two minutes during the working day; that said room had been frequently examined by the factory inspectors for the State and the city health department and that no complaint had ever been made against the sanitary condition of the room. The last report of the factory inspection of this room is in the record. It was also proven, and not disputed, that the operation of such belts and wheels as are forbidden by the act in question in rooms lying wholly or partly beneath the surface of the ground is no more detrimental to the heath of employees operating the same than the operation of the same belts or wheels in rooms entirely above the surface of the ground, and that any danger to health that might exist would arise, not from the location of the room, but from a failure to observe the requirements of ventilation and removal of dust particles. It would seem to require no proof or argument to show that a clean, well

lighted and properly ventilated basement, or such a room partly beneath the surface, would be far more sanitary than a small, poorly ventilated room above the surface. This act indiscriminately condemns all basements, and all rooms beneath or partly beneath the surface of the earth, entirely and arbitrarily because of their location and wholly regardless of whether they are properly lighted and ventilated. It permits the use of emery wheels and belts in any room, however poorly it may be ventilated or lighted, provided it is above the surface. The act is, in our opinion, an unwarranted discrimination against persons who carry on the forbidden business in basements, and is not based upon any substantial or rational differences between such places and other rooms. We are constrained to hold that the act in question is unconstitutional and void.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*