(June 21, 1920.)

## STATE, Respondent, v. FRANK CROSSON and J. F. KOLL, Appellants.

[190 Pac. 922.]

CONSTITUTIONAL LAW—"CLASS LEGISLATION"—COMMON CARRIERS.

A law which is made applicable to one class of persons alone must be based on a substantial difference between the situation of its members and that of those to whom it does not apply, and one which purports to impose on a certain class, engaged in the transportation of freight and passengers for hire, burdensome taxes and regulations, and to exempt therefrom others engaged in the same business, without justification or reason for the classification, conflicts with art, 1, sec. 13, of the constitution of Idaho.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Appellants were convicted of violating C. S., secs. 2439 and 2440. *Reversed.*

E. G. Rosenheim and C. C. Cavanah, for Appellants.

The provisions of the statute under which these actions were brought are unconstitutional, as they deprive the de-

---

Validity of statute for regulation of particular class of carriers of goods, see note in 16 **Ann. Cas.** 1239.

fendants of their property without due process of law, deny
them the equal protection of the law, abridge the privileges
and immunities of the citizens, are special and class legisla-
tion, and arbitrarily discriminate between citizens similarly
situated and under like conditions and circumstances engaged
in the lawful business of carrying passengers or freight in
automobiles or motor trucks.   (C. S. 1919, secs. 2380, 2439,
2440; U. S. Const., 14th Amendment; Idaho Const., sec. 1,
art. 1, sec. 19, art. 3; *Bailey v. People,* 190 Ill. 28, 83 Am.
St. 116, 60 N. E. 98, 54 L. R. A. 838; *City of Pasadena v.*
*Stimson,* 91 Cal. 238, 27 Pac. 604; Berry on Automobiles,
2d ed., sec. 115, p. 132; *State v. Lawrence,* 108 Miss. 291,
Ann. Cas. 1917E, 322, 66 So. 745; *Siciliano v. Neptune Tp.,*
83 N. J. L. 158, 83 Atl 865; Cooley, Const. Limitations,
5th ed., 484; *Frorer v. People,* 141 Ill. 171, 31 N. E. 395, 16
L. R. A. 492; *Yick Wo. v. Hopkins,* 118 U. S. 356, 6 Sup.
Ct. 1064, 30 L. ed. 220; *Lawton v. Steele,* 152 U. S. 133,
14 Sup. Ct. 499, 38 L. ed. 385, see, also, Rose's U. S. Notes;
*People v. Gillson,* 109 N. Y. 389, 4 Am. St. 465, 17 N. E.
343; *Kellaher v. Portland,* 57 Or. 575, 110 Pac. 492, 112
Pac. 1076; *John v. Northern Pac. Ry. Co.,* 42 Mont. 18, 111
Pac. 632, 32 L. R. A., N. S., 85; *Attorney General v. Jochim,*
99 Mich. 358, 41 Am. St. 606, 58 N. W. 611, 23 L. R. A. 699;
6 R. C. L. 374; *City of Chicago v. Banker,* 112 Ill. App.
94; *State v. Finch,* 78 Minn. 118, 80 N. W. 856, 46 L. R. A.
437.)

The legislature did not have power or authority under the
police power of the state to enact the provisions of the stat-
ute in question, nor is said statute a police regulation.
(*Gulf, C. & S. F. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct.
255, 41 L. ed. 666, see, also, Rose's U. S. Notes; *State v.*
*Moore,* 113 N. C. 697, 18 S. E. 342, 22 L. R. A. 472; Blaka-
more on Law of Motor Vehicles, 2d ed., sec. 107, p. 83;
*Vernor v. Secretary of State,* 179 Mich. 157, Ann. Cas.
1915D, 128, 146 N. W. 338, 342; Federalist, No. 44; *State v.*
*Walsh,* 136 Mo. 400, 37 S. W. 1112, 35 L. R. A. 231; *Ex*
*parte Jentzsch,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664;

*Jew Hoo. v. Williamson,* 103 Fed. 10; *Ex parte McCapes,* 157 Cal. 26, 106 Pac. 229; *In re Guerrero,* 69 Cal. 88, 10 Pac. 261.)

R. L. Black, Attorney General, Elbert S. Delana, Prosecuting Attorney, and Raymond L. Givens, for Respondents.

The statute under consideration is not class legislation, because our supreme court has held that the making of a proper classification is legal, as long as the law operates equally upon every member of each particular class. That is not class legislation, but a proper division for the purpose of a just and equitable enforcement. ¯Each statute is to be considered in the light of the purpose for which it was drawn, and if a distinction is reasonable and necessary, such classification is proper. (*State v. Fite,* 29 Ida. 463, 159 Pac. 1183.)

This statute means that a motor vehicle operating over any route, whether between fixed termini or not, brings it within the operation of the statute and makes it a common carrier, which is the situation of the defendants herein as disclosed by the agreed statement of facts. (*Lloyd v. Haugh etc. Storage & Transfer Co.,* 223 Pa. St. 148, 72 Atl. 516, 21 L. R. A., N. S., 188; *Huston v. City of Des Moines,* 176 Iowa, 455, 156 N. W. 883; *Smith v. State,* 130 Md. 482, 100 Atl. 778; *City of Buffalo v. Goodman,* 77 Misc. Rep. 355, 136 N. Y. Supp. 568; *City of Memphis v. State,* 133 Tenn. 83, Ann. Cas. 1917C, 1056, 179 S. W. 631, L. R. A. 1916B, 1151; *Thielke v. Albee,* 79 Or. 48, 153 Pac. 793; *State v. Ferry Line Auto Bus Co.,* 93 Wash. 614, 161 Pac. 467.)

Other states have statutes authorizing exemptions similar to those under our statute. (*State v. Shiffrin,* 92 Conn. 583, 103 Atl. 899.)

Classification is not reviewable unless palpably arbitrary. The court in determining the constitutionality of the legislative enactment may not concern itself with the accuracy or wisdom of the legislative view. (*Hill v. Rae,* 52 Mont. 378, Ann. Cas. 1917E, 210, 158 Pac. 826, L. R. A. 1917A, 495; *State v. Johnson,* 26 Ida. 203, 141 Pac. 565.)

The statute under consideration and all of its features is in entire harmony with the modern trend of authorities with regard to the use of automobiles as common carriers, both as such and in connection with their use as to the public generally and other persons upon highways. (Babbit on Automobiles, 2d ed., par. 1240; David's Law of the Automobile, par. 89 et seq.; *Cobb v. Cumberland County P. & Light Co.*, 117 Me. 455, 104 Atl. 844; *In re Kessler*, 26 Ida. 764, 774, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322.)

MORGAN, C. J.—Appellants were separately charged with, tried for and convicted of violating C. S., secs. 2439 and 2440, which are intended to prohibit common carriers mentioned in C. S., sec. 2380, subsection 3, from carrying freight or passengers, or both, until they shall have first obtained, under such regulations as may be prescribed by the public utilities commission, licenses and shall have paid therefor a sum of money for each vehicle used, being $25, $30, $40 or $50 per annum, according to its carrying capacity, and shall have given bonds for the benefit of any person injured by the carrier's negligence. It is further provided that any person operating as such common carrier without first complying with these requirements shall be guilty of a misdemeanor.

That portion of C. S., sec. 2380, necessary to be considered in deciding this case is as follows:

"The term 'common carrier,' when used in this chapter, includes:

"3. Every . . . . person . . . . owning, controlling, managing, operating, driving or causing to be operated or driven, or holding out by sign, voice or other device or by advertisement that they will drive, operate or cause to be driven or operated over any particular route or routes or over any route or routes or between specified termini for hire or compensation any automobile, auto stage, motor vehicle or motor truck or any other self-propelled motor vehicle for use in the business of carrying either passengers or freight or both, ex-

cepting such as run on rails or tracks not hereinbefore enumerated, and automobiles used exclusively as hearses, ambulances, hotel buses operating solely between hotel and trains, or automobiles or auto trucks used for carrying United States mails on star routes when actually engaged in carrying such mail. . . . . ''

Appellant, Koll, owned automobiles and operated them in the transportation of passengers for hire, and appellant, Crosson, owned motor trucks and operated them in the transportation of freight for hire, and neither was so engaged in business as to entitle him to come within either of the exceptions mentioned in the statute, nor had either conformed to the requirements above mentioned in the matter of procuring a license or giving a bond.

The cases were consolidated and heard together in this court. Among the contentions made by appellants is that the statutes above referred to violate art. 1, sec. 13, of the constitution of Idaho, which provides: ''No person shall . . . . be deprived of life, liberty or property without due process of law.''

The tax sought to be exacted by the statute under consideration was not levied upon the property of appellants, nor was it demanded of them, because of their use of the public highways with their vehicles. It is an occupation tax and the regulations sought to be imposed upon the class of persons mentioned in C. S., sec. 2380, subsection 3, to which appellants belong, are so sought to be imposed for the government of that class. As is said in respondent's brief: ''The license fee prescribed by the statute under consideration is placed not upon the operation of the motor vehicle upon the road as such, but is a license tax upon the business in which the motor vehicle operating as a common carrier is engaged.''

A law which is made applicable to one class of persons alone must be based on a substantial difference between the situation of its members and that of those to whom it does not apply. (6 R. C. L., p. 381, sec. 374; 12 C. J., p. 1133, sec. 857; p. 1136, sec. 860; *People v. Gillson,* 109 N. Y. 389,

4 Am. St. 465, 17 N. E. 343; *Siciliano v. Neptune Tp.*, 83 N. J. L. 158, 83 Atl. 865; *Kellaher v. City of Portland*, 57 Or. 575, 110 Pac. 492, 112 Pac. 1076; *Frorer v. People*, 141 Ill. 171, 31 N. E. 395, 16 L. R. A. 492; *Bailey v. People*, 190 Ill. 28, 83 Am. St. 116, 60 N. E. 98, 54 L. R. A. 838; *State v. Le Barron*, 24 Wyo. 519, Ann. Cas. 1918D, 998, 162 Pac. 265; *Sterett & Oberle Packing Co. v. City of Portland*, 79 Or. 260, 154 Pac. 410; *People v. Schenck*, 257 Ill. 384, Ann. Cas. 1914A, 1129, 100 N. E. 994, 44 L. R. A., N. S., 46; *Board of Commissioners v. Orr*, 181 Ala. 308, 61 So. 920, 45 L. R. A., N. S., 575; *People v. Weiner*, 271 Ill. 74, Ann. Cas. 1917C, 1065, 110 N. E. 870, L. R. A. 1916C, 775; *Noel v. People*, 187 Ill. 587, 79 Am. St. 238, 58 N. E. 616, 52 L. R. A. 287; *Haynes v. Lapeer Circuit Judge*, 201 Mich. 138, 166 N. W. 938, L. R. A. 1918D, 233; *State v. Gardner*, 58 Ohio St. 599, 65 Am. St. 785, 651 N. E. 136, 41 L. R. A. 689; *Rodge v. Kelly*, 88 Miss. 209, 117 Am. St. 733, 40 So. 552, 11 L. R. A., N. S., 635.)

This law expressly exempts hotel buses operating solely between hotels and trains and automobiles and auto trucks used for and engaged in carrying United States mails on star routes. It is not necessary in order that the owner of an automobile being used as a bus between a hotel and trains shall also own or operate the hotel, or that he shall confine his business of carrier to the transportation of its guests or convey them or their baggage free of charge, in order that he may escape the burdens of the law, and the owner of such a vehicle employed in transportation of the United States mails over a star route may use it in the transportation of passengers and freight for hire without procuring the license, giving the bond, conforming to the regulations, or incurring the penalty mentioned in the law.

These sections purport to impose on a certain class of persons engaged in the transportation of passengers and freight for hire burdensome taxes and regulations and to exempt therefrom others engaged in the same business. No justification or reason exists for the classification, and the statutes which appellants were convicted of violating must

be held to be in conflict with art. 1, sec. 13, of the constitution, and void.

The judgments appealed from are reversed, with instructions that the cases be dismissed.

Rice, J., concurs.

BUDGE, J.—I concur in the conclusion reached, but in my opinion C. S., sec. 2380, is unconstitutional for the reason that it is discriminatory in that it attempts to establish an arbitrary, unreasonable and unjust classification, and therefore violates the provision of the fourteenth amendment to the federal constitution that "No state shall . . . . deny to any person within its jurisdiction the equal protection of the laws."