Argued February 15, reversed March 22, 1961

# STATE OF OREGON *v.* PYLE

360 P. 2d 626

*Verden L. Hockett, Jr.,* Deputy District Attorney, Roseburg, argued the cause for appellant. With him on the brief was Avery W. Thompson, District Attorney, Roseburg.

*Kenneth A. Poole,* Eugene, argued the cause for respondent. With him on the brief was Donald F. Bach, Eugene.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

O'CONNELL, J.

In a complaint filed in the district court for Douglas county defendant was charged with the crime of operating a truck loaded in excess of the weight limits provided in ORS 483.506.

Defendant appealed to the circuit court for Douglas county from a conviction in the district court. The circuit court sustained an oral demurrer to the reception of evidence and entered judgment for defendant on the ground that ORS 483.506 (3) violates the due process and equal protection clauses of the Fourteenth Amendment to the U. S. Constitution; the privileges and immunities clause of Art. I, § 20 of the Oregon Constitution, and the provision against the imposition of punishment disproportionate to the offense in Art. I, § 16, Oregon Constitution. The state appeals from that judgment.

ORS 483.502 *et seq.* provide for certain limitations on the amount of weight which various types of vehicles are permitted to carry. The statutes permit a

greater weight for vehicles used to transport logs, poles or piling than for vehicles used to transport other commodities. For example, a vehicle transporting logs, poles or piling is permitted a maximum weight of 34,000 pounds on any tandem axles (ORS 483.506 (2) (c)), whereas a vehicle transporting any other commodity is permitted a maximum weight of 32,000 pounds on any tandem axles (ORS 483.506 (3) (c)).

Defendant was transporting a commodity other than logs, poles and piling. The tandem axles on his truck carried a weight of 34,100 pounds, 2,100 pounds in excess of that allowed by ORS 483.506 (3) (c). The penalty for such an overload under the schedule set up in ORS 483.995 is $63. A log truck carrying the same weight on tandem axles would have had an overload of only 100 pounds, and the penalty for such an overload under the schedule set up in ORS 483.996 is $25. The pertinent parts of ORS 483.506 are as follows:

"(2) Subject to the limitations of subsection (1) and paragraph (e) of subsection (3) of this section, no vehicle or combination of vehicles used to transport logs, poles or piling shall have a gross weight exceeding:

"(a) 9,500 pounds on any individual wheel.
"(b) 19,000 pounds on any axle.
"(c) 34,000 pounds on any tandem axles.
"(d) 37,000 pounds on any group of axles consisting of the rear single axle of a truck tractor and the single axle of a pole trailer or semitrailer or consisting of the rear single axle of a motor truck and the front axle of a trailer.
"* * * * *

"(3) No vehicle or combination of vehicles, including any load thereon, shall, except as set forth in subsection (2) of this section, have:

"(a) Any gross individual wheel weight in excess of 9,000 pounds;

"(b) Any gross axle weight in excess of 18,000 pounds;

"(c) Any gross tandem axle weight in excess of 32,000 pounds;

"(d) Any gross weight of any group of axles in excess of that set forth in the tables of weights in subsection (3) of ORS 483.524; or

"(e) Any gross vehicle or combination of vehicles weight in excess of 60,000 pounds, or in excess of the weights set forth in the tables in subsections (3) and (4) of ORS 483.524, whichever is less."[1]

---

[1] The penalties for violating ORS 483.506 are as follows:

"483.995 Any driver, chauffeur or owner of any vehicle or combination of vehicles not being used in the transportation of logs, poles or piling who violates any of the weight provisions of ORS 483.506, 483.512 or 483.516 or of any permit issued pursuant to ORS 483.520 to 483.526 or of any resolution adopted pursuant to ORS 483.525 shall be punished, upon conviction, by imprisonment or by a fine based upon the excess weight by which any gross weight exceeds the applicable gross weight authorized in such provisions, permit or resolution, as follows. If the excess weight is:

"(1) One thousand pounds or any fraction thereof, by a fine of not less than $15.

"(2) More than 1,000 pounds but not in excess of 2,000 pounds, by a fine of not less than two cents per pound for each pound of the excess weight.

"(3) More than 2,000 pounds but not in excess of 5,000 pounds, by a fine of not less than three cents per pound for each pound of the excess weight.

"(4) More than 5,000 pounds, by a fine of not less than five cents per pound for each pound of the excess weight, or by imprisonment in the county or municipal jail for not less than 30 days nor more than 90 days, or both.

"483.996 (1) Violation by any driver, chauffeur or owner of any vehicle or combination of vehicles being used in the transportation of logs, poles or piling, of the weight provisions of ORS 483.506, 483.512 or 483.516, or of any permit issued pursuant to ORS 483.520 to 483.524, or of any resolution adopted pursuant to ORS 483.525 is punishable, upon conviction, by imprisonment or by a fine based upon the excess weight by which any gross weight exceeds the applicable gross weight authorized in such provisions, or authorized by such permit, as follows. If the excess weight is:

"(a) One thousand pounds or any fraction thereof, by a fine of not less than $25.

"(b) More than 1,000 pounds but not in excess of 2,000 pounds, by a fine of not less than three cents per pound for each pound of the excess weight.

"(c) More than 2,000 pounds but not in excess of 5,000 pounds, by a fine of not less than four cents per pound for each pound of the excess weight.

"(d) More than 5,000 pounds, by a fine of not less than five cents per pound for each pound of the excess weight, or by imprisonment in the county or municipal jail for not more than 30 days, or both.

"(2) Violation by any driver, chauffeur or owner of any vehicle or

Defendant contends that the classification which differentiates vehicles hauling logs, poles and piling from those hauling other commodities is arbitrary and unlawfully discriminates against truckers transporting the latter type cargo. This argument is based upon the premise that the provisions of chapter 483 were intended solely to protect the highways from damage due to excessive weights of vehicles traveling upon them.

Beginning with this assumption as the purpose of the legislation, defendant then argues that there can be no valid distinction drawn upon the basis of the character of the load because an overload of a ton of logs will cause the same amount of damage as an overload of a ton of any other commodity.

Defendant's position rests upon the assumption that the only possible purpose which the legislature could have had in mind in enacting the overload statutes was the preservation of the highways. This is a purely gratuitous assumption. The mere fact that the principal purpose of the legislation was to preserve the highways does not mean that the legislature may not also have had other considerations in mind.

■ Legislation usually is the product of the adjustment of various interests. The factors considered by the legislature in making these adjustments do not ordinarily appear in the statute which is the end product of the legislative process. It is patent that the prin-

combination of vehicles of the weight provisions of any permit issued pursuant to ORS 483.528 is punishable, upon conviction, by a fine of not less than $100 plus five cents per pound for each pound by which any gross weight exceeds the applicable gross weight authorized by the permit, or by imprisonment in the county or municipal jail for not more than 30 days, or both.

"(3) If any person charged with a violation of the weight provision of any permit issued pursuant to ORS 483.528, produces in court a second valid permit authorizing a gross weight equal to or greater than the actual gross weight of the vehicle, combination of vehicles, axle, tandem axles, or group of axles upon which the citation was based, the five cents per pound penalty shall be waived by the court, and the fine shall be $100."

cipal concern of the legislature in the enactment of chapter 483 was the preservation of the highways. It seems equally obvious that the legislature found that the enactment of such legislation required an adjustment of the interests of the haulers of logs, poles and piling. The reasons for selecting this one class of commodities for special treatment are not explicitly stated in the statutes. But that is no obstacle in sustaining the legislation if there is any rational basis for such special treatment. *Railway Express v. New York,* 336 US 106, 110, 69 S Ct 465, 93 L Ed 533 (1949); *Williamson v. Lee Optical Co.,* 348 US 483, 488-489, 75 S Ct 461, 99 L Ed 563 (1955); *Plummer v. Donald M. Drake Co.,* 212 Or 430, 437, 320 P2d 245 (1958); *Mallatt v. Luihn et al.,* 206 Or 678, 702, 294 P2d 871 (1956); *Anderson v. Thomas,* 144 Or 572, 613-616, 26 P2d 60 (1933) (upholding transportation tax favoring carriers of "logs, piling, poles and rough timber").

■■ The special treatment afforded the haulers of logs, poles or piling could be justified here if only on the ground that the legislature desired to foster the logging industry through the special benefits afforded to those hauling the raw products of the forests. *Anderson v. Thomas,* supra, ("The lumbering business is one of the principal industries of the state, on which a large part of the population is dependent, and the state is interested in encouraging and developing this industry") 144 Or at 615. It is within the power of the legislature to grant special benefits to one branch of industry in order to promote the public good. *Allied Stores of Ohio v. Bowers,* 358 US 522, 527, 79 S Ct 437, 3 L Ed2d 480 (1959); *Williamson v. Lee Optical Co.,* supra; *Railway Express v. New York,* supra. Cf., *Kliks et al. v. Dalles City et al.,* 216 Or 160, 179-187, 335 P2d 366 (1959).

The legislative history of ORS 483.506 indicates a more precise ground for treating specially the haulers of forest products. The preamble to chapter 369, Oregon Laws 1939, the first overload statute, was prefaced with the following preamble:

"Defining load limits or weights applicable to the transportation of logs, poles and piling over public highways; and declaring an emergency.

"Whereas, it is recognized that the transportation of logs, poles and piling over the public highways of the state by motor vehicle is attended with inconvenience and great difficulty with respect to the determination of the weight of such vehicle and load, both with respect to the gross weight and the gross axle and wheel weights, much of which difficulty is occasioned by the variation in the weight of various types of logs and the impracticability of properly distributing the logs so as to conform to restricted gross axle and wheel weights; now, therefore,"

Plaintiff suggests other reasons which might have prompted the legislature to permit those hauling logs, poles and piling to carry heavier loads. Ordinarily logs are loaded in the woods where it is impracticable to provide scales. And logs, poles and piling vary greatly in size, shape and weight, even among those which are hauled as part of one load. Thus, it is difficult to accurately estimate the weight and distribution of a load of these commodities. Also the legislature may have considered that the hauling of the commodities presents less of a menace to the state's highways than that presented by the carriage of other goods. These forest products are typically hauled for a substantial part of their journey by truck over unimproved roads, and their transportation over the highways is generally relatively short as compared with that of most other goods transported over our highways. The differential

favoring the log hauler provides him a leeway over the maximum allowed others. On the other hand, it will be noted that if the log hauler exceeds the limit which is specially granted to him he suffers a more severe penalty than does the hauler of other commodities for a similar excess weight violation.

■ We find that the classification is not arbitrary and that it does not violate the equal protection or due process clauses of the Fourteenth Amendment to the Constitution of the United States, or the privileges and immunities provision of Art. I, § 20 of the Constitution of Oregon. *Allied Stores of Ohio v. Bowers,* 358 US 522, 79 S Ct 437, 3 L Ed2d 480 (1959) ; *Williamson v. Lee Optical Co.,* 348 US 483, 75 S Ct 461, 99 L Ed 563 (1955) ; *Railway Express v. New York,* 336 US 106, 69 S Ct 463, 93 L Ed 533 (1949) ; *Plummer v. Donald M. Drake Co.,* 212 Or 430, 320 P2d 245 (1958) ; *Mallatt v. Luihn et al.,* 206 Or 678, 294 P2d 871 (1956) ; *Anderson v. Thomas,* 144 Or 572, 26 P2d 60 (1933).

Defendant asserts that the statutes in question are unconstitutional on the further ground that the penalty assessed is not proportionate to the offense. Art. I, § 16, Oregon Constitution. The statutes make the penalty depend upon the weight of the load in relation to the character of the axle, the distance between axles, whether a special permit has been obtained, and other facts.

And, as we have noted above, the penalties for excess weights vary somewhat upon the basis of the nature of the cargo, with the penalties being greater against the hauler of logs, poles or pilings for an equal amount of excess weight. The legislature could, and apparently did, resolve to allow haulers of logs, poles and piling a zone of tolerance of excess weight, probably because of the practical difficulties in ascer-

taining the actual weights of loads of these commodities. And having allowed this margin of tolerance, it was certainly a matter within the legislative province to provide more exacting penalties for violations of the higher permissive weight limits. We cannot say that this legislation is unreasonable or arbitrary.

The judgment of the lower court is reversed.