374 P.2d 406

**TEACHERS' RETIREMENT SYSTEM OF IDAHO, Plaintiff,**

v.

**Joe R. WILLIAMS, State Auditor, Defendant.**

**No. 9170.**

Supreme Court of Idaho.

July 25, 1962.

Rehearing Denied Sept. 25, 1962.

Langroise, Clark & Sullivan, Thomas A. Miller, Boise, for plaintiff.

Frank L. Benson, Atty. Gen., Warren Felton, Asst. Atty. Gen., Boise, for defendant.

TAYLOR, Justice.

Plaintiff invoked the original jurisdiction of this court by petition for a writ of mandate to require the state auditor to transfer $100,000 from the general fund of the state to the public school income fund in compliance with its request made pursuant to Chapter 293, 1961 Session Laws, and to require the auditor to transfer the same sum from the public school income fund to the teachers' retirement system, pursuant to Idaho Code § 33–1509(c), as amended by 1961 Session Laws, c. 308. Alternative writ was issued and defendant in his return thereto alleged that the statutes above referred to are violative of Constitution, Art. 9, §§ 3 and 4, and of Idaho Admission Bill, § 5. So far as applicable here, the provisions referred to are as follows:

Statutes:

"Section 1. There is hereby appropriated out of the General Fund of the State of Idaho to the Public School Income Fund the sum of $200,000, or so much thereof as may be necessary, for the purpose of making funds available for transfer to the Teachers' Retirement System as provided for by enactment of legislation by the Thirty-Sixth Session of the Idaho Legislature.

"Section 2. Transfer of the moneys here appropriated shall be made upon request of the Board of Trustees of the Teachers' Retirement System and upon order of the State Auditor, during the period commencing July 1, 1961 and ending June 30, 1963." 1961 Session Laws, c. 293.

"(c) There is hereby appropriated out of the public school endowment income fund the sum of $200,000 or so much thereof as may be necessary to the Teachers' Retirement System for the purpose of paying the state's share of annuities, refunds, allowances and benefits which will become due in the fiscal biennium beginning July 1, 1961; and in each fiscal period thereafter, there is hereby appropriated to the Teachers' Retirement System from the public school endowment income fund a sum equal to the state's share of the annuities, benefits, allowances and refunds, estimated to become due in such fiscal period, but not to exceed $200,-000, or so much thereof as may be necessary." 1961 Session Laws, c. 308, I.C. § 33–1509, subsection (c).

The fund actually referred to in the foregoing subsection (c) is the "public school income fund."

Constitution:

"The public school fund of the state shall forever remain inviolate and intact; the interest thereon only shall be expended in the maintenance of the schools of the state, and shall be distributed among the several counties and school districts of the state in such manner as may be prescribed by law. No part of this fund, principal or interest, shall ever be transferred to any other fund, or used or appropriated except as herein provided. The state treasurer shall be the custodian of this fund, and the same shall be securely and profitably invested as may be by law directed. The state shall supply all losses thereof that may in any manner occur." Art. 9, § 3.

"The public school fund of the state shall consist of the proceeds of such lands as have heretofore been granted, or may hereafter be granted, to the state by the general government, known as school lands, and those granted in lieu of such; lands acquired by gift or grant from any person or corporation under any law or grant of the general government; and of all other grants of land or money made to the state from the general government for general education purposes, or where no other special purpose is indicated in such grant; all estates or distributive shares of estates that may escheat to the state; all unclaimed shares and dividends of any corporation incorpo-

rated under the laws of the state; and all other grants, gifts, devises, or bequests made to the state for general educational purposes." Art. 9, § 4.

Idaho Admission Bill, § 5, as amended:

"All lands herein granted for educational purposes shall be disposed of only at public sale, the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of said schools. But said lands may, under such regulations as the legislature shall prescribe, be leased for periods of not more than ten years, and in the case of an oil, gas, or other hydrocarbon lease, for as long thereafter as such product is produced, and such lands shall not be subject to preemption, homestead entry, or any other entry under the land laws of the United States, whether surveyed or unsurveyed, but shall be reserved for school purposes only."

The "public school income fund" was created by 1933 S.L., c. 205, § 3, now codified as I.C. § 33–1009, as follows:

"There is hereby created a fund in the state treasury to be known as the 'public school income fund.' All income from the public school fund; the proceeds of all state taxes levied for public school purposes; and all other money received by the state for public school purposes, other than permanent or trust funds, national forest reserve moneys received for public school purposes, and grants of federal moneys received for special school purposes, together with state appropriations to match such funds, shall be placed in this fund and shall be transferred and paid therefrom and apportioned as provided in section 33–1011."

Idaho Code § 33–1011, as amended, provides for the apportionment and distribution of the moneys received in the public school income fund to the counties and school districts of the state.

Defendant concedes that the legislature may constitutionally appropriate money from the general fund to the teachers' retirement system, but contends that such moneys cannot be placed in the public school income fund and then transferred therefrom to the teachers' retirement system. Apparently his theory is that moneys placed in the "public school income fund" become commingled with income from the "public school fund" and that any withdrawal therefrom would include income from the "public school fund," which under Constitution, Art. 9, § 3, and Idaho Admission Bill, § 5, can only be withdrawn and expended in the "support" and "maintenance" of the schools of the state; that the withdrawal now demanded for the teachers' re-

tirement system would result in the expenditure of a portion of the income from the "public school fund" for purposes other than the support and maintenance of the schools, and is, therefore, repugnant to the constitution and the admission bill.

██ We do not so regard the transfers presently demanded. By the provision of chapter 293, that the appropriation from the general fund was made "for the purpose of making funds available for transfer to the Teachers' Retirement System," the $200,000 or such portion of it as actually reaches the public school income fund was by that provision earmarked for the Teachers' retirement system, and thus prevented from becoming commingled with other moneys in that fund. On the other hand, regarding the income from the public school fund as dedicated to, and held in trust for, support and maintenance of schools, the trust pursuit rule would operate to prevent its inseparable commingling with moneys appropriable to other uses, and any withdrawals from the mass for other uses would be presumed to be from moneys in the mass not so dedicated. 54 Am.Jur., Trusts, §§ 256, 260; 90 C.J.S. Trusts § 438 b. c.

██ Why the legislature took this circuitous route to transfer money from the general fund to the teachers' retirement system does not appear. However, we see no constitutional objection to the method adopted. It involves no more than mere bookkeeping entries: first, the recording of a transfer of the requested $100,000 from the general fund to the public school income fund; and second, the recording of a transfer of that same $100,000 from the public school income fund to the teachers' retirement system.

██ Defendant calls attention to the continuing appropriation contained in section 33–1509(c) of chapter 308, hereinabove set out, and urges that this constitutes a direct attempt to appropriate moneys from the public school income fund, including the income from the public school fund, in violation of the restrictions imposed by the provisions of the constitution and admission bill. We do not reach that question in the present proceeding. The first appropriation provided in subsection (c), supra, identifies the $200,000 appropriated by chapter 293, and the $200,000 appropriated in subsection (c) is in turn identified by the provision in chapter 293, to the effect that the appropriation from the general fund for the purpose of making funds available for transfer to the teachers' retirement system, is the transfer "provided for by enactment of legislation by the Thirtysixth Session of the Idaho Legislature." We find no other legislation of the thirtysixth session to which this reference could

apply. Thus the money involved in the present requested transfer is identified as a portion of the $200,000 presently appropriated by the first part of subsection (c), and is not involved in, nor affected by, the continuing appropriation.

██ Furthermore, the appropriation of $200,000 provided for by the first part of subsection (c) is specifically allocated to the "fiscal biennium beginning July 1, 1961." The continuing appropriation set up in the second half of subsection (c) is specifically limited to commence "in each fiscal period thereafter." The two provisions are clearly severable and the one providing for the transfer of the $200,000, appropriated from the general fund by chapter 293, can therefore be upheld without involving approval, implied or otherwise, of the continuing appropriation. State v. Finch, 79 Idaho 275, 315 P.2d 529; Johnson v. Diefendorf, 56 Idaho 620, 57 P.2d 1068; In re Edwards, 45 Idaho 676, 266 P. 665; Stark v. McLaughlin, 45 Idaho 112, 261 P. 244; Gillesby v. Board of County Com'rs of Canyon County, 17 Idaho 586, 107 P. 71; In re Abel, 10 Idaho 288, 77 P. 621.

It is ordered that the petition be granted and peremptory writ issue as prayed.

No costs allowed.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.