520 P.2d 860

STERLING H. NELSON & SONS, INC., a foreign corporation, Plaintiff-Respondent,

v.

John BENDER, Commissioner of Law Enforcement of the State of Idaho, and L. Clark Hand, Supervisor of the Idaho State Police, Defendants,

and

John G. Fanning et al., Intervenors-Appellants.

STERLING H. NELSON & SONS, INC., a foreign corporation, Plaintiff-Respondent,

v.

John BENDER, Commissioner of Law Enforcement of the State of Idaho, and L. Clark Hand, Supervisor of the Idaho State Police, Defendants-Appellants.

Nos. 11348, 11350.

Supreme Court of Idaho.
March 29, 1974.

James W. Blaine, Deputy Atty. Gen., Faber F. Tway and Anton Hohler, Dept. of Highways, Boise, for defendants-appellants.

Kramer, Plankey, Smith & Beeks, Twin Falls, for plaintiff-respondent.

BAKES, Justice.

Respondent Sterling H. Nelson & Sons, Inc., hereinafter respondent, a Utah corporation authorized to do business in Idaho, is engaged in the production of trout fish food. From its plant in Utah, respondent transports fish food to the Magic Valley area of Idaho over both the United States Federal Interstate Highway System and the public highways of the State of Idaho. During 1971, respondent's truck drivers, carrying truckloads of fish food, were issued three warning citations and one citation and warrant of arrest by the Idaho Department of Law Enforcement, for violation of Idaho Code §§ 49–901(a) and 49–901(b) (weight limits). Respondent brought an action for declaratory judgment to have IC § 49–901(a) and (b), and 49–901A declared unconstitutional. I.C. § 49–901(a) and (b) applied to the Federal Interstate Highway System, and I.C. § 49–901A applies to the State Highway System. Respondent claims that I.C. § 49–901(c) and § 49–901A exempt certain commodities, i. e., logs, pulpwood, poles or pilings, ores, sand and gravel in bulk, and all unprocessed agricultural commodities in-

cluding livestock, from the general weight limitations applicable to all trucks and permits trucks carrying those exempt commodities to carry heavier loads. Respondent alleges that the distinction between the processed agricultural commodity which it was carrying and the unprocessed agricultural commodity in the exemption is unconstitutional as a violation of the equal protection of the law, and therefore it is entitled to carry the same loads as trucks carrying unprocessed agricultural commodities.

The case was submitted to the district court on a written stipulation of facts. The district court found the classifications set forth in I.C. § 49–901(a) and (b) arbitrary, unreasonable and irrational and held the basic weight restrictions set forth in I. C. § 49–901(a) and (b) to be unconstitutional. The court further held that I.C. § 49–901(c), which established the higher weight limits for logs, ore and unprocessed agricultural commodities, was still in effect and should be the weight limit applicable to all trucks regardless of the type of cargo they were hauling. The judgment of the district court did not encompass the provisions of I.C. § 49–901A which applies to the State Highway System, and appellant has not raised that issue on appeal. Therefore, we do not address that section other than to note the similarity with I.C. § 49–901(a), (b) and (c).

From this judgment appellant brought this appeal. The question presented in this appeal is whether Idaho Code § 49–901(a), (b) and (c), which established different weight limitations for haulers of processed agricultural commodities than for haulers of unprocessed agricultural commodities, violates Article 1, Sections 2 and 13, of the Idaho Constitution, and the 14th Amendment of the U. S. Constitution. We answer that question in the affirmative.

While a legislative act is presumed constitutional, Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963), whether it is reasonable and not arbitrary is a question of law for determination by the courts. Winther v. Village of Weippe, 91 Idaho 798, 430 P.2d 689 (1967). In determining whether a classification is unreasonable and discriminatory, it is the duty of the courts to ascertain whether the classification rests upon some difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. State v. Cantrell, 94 Idaho 653, 496 P.2d 276 (1972); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Winther v. Village of Weippe, 91 Idaho 798, 430 P.2d 689 (1967); Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963); State v. Crosson, 33 Idaho 140, 190 P. 922 (1920).

In this case, the district court found that the intent of the legislature in passing weight restriction statutes was to protect the highways. Although there is no express legislative statement concerning the purpose of the weight limitation statutes, it is patent that the principal concern of the legislature in enacting the statutes was for the protection of the highways. Such an interpretation of legislative intent finds support in language found in I.C. § 49–905 which regulates excess weight permits and requires an undertaking as may "be necessary to protect the public highways and bridges from injury, . . .;" and I.C. § 49–906 which allows the Board of Highway Directors to make special regulations reducing the weight or speed of vehicles "as may be necessary for the protection of the road or for public safety, . . ." There is no evidence indicating that 20,000 pounds of processed agricultural commodities are any more detrimental to the state highway system than 20,000 pounds of unprocessed agricultural commodities, and common sense dictates otherwise. A statute which permits a hauler to transport unprocessed grain to a factory at a weight of 18,900 pounds axle weight, but on the return trip with processed grain only permits a load of 18,000 pounds axle weight, bears no relation to the object of protecting the highways. In the absence of some showing that a safety factor or

**816**

other exigency requires such a distinction, as in State v. Pyle, 226 Or. 485, 360 P.2d 626 (1961), such a distinction is arbitrary, unreasonable and without a substantial relation to the purpose of protecting the highways, and thus violates Article 1, sections 2 and 13 of the Idaho Constitution, and the 14th Amendment of the U. S. Constitution. Weller v. Hopper, *supra*; Reed v. Reed, *supra*.

■ The district court, by its judgment, in finding the unconstitutional discrimination, invalidated the lower weight limits of § 49–901(a) and (b) and permitted all agricultural products, whether processed or unprocessed, to be governed by the higher weight limits in § 49–901(c). Prior to the enactment of § 49–901(c) in 1955, there was no discrimination between processed and unprocessed agricultural products. It is the exception provided for in I.C. § 49–901(c), which came into the law by Chapter 264, 1955 Session Laws, which creates the discriminatory classification in this case. In view of the separability section found in IC § 49–910, we hold that I.C. § 49–901(c), which creates the exception to the general weight limitations set forth in I.C. § 49–901(a) and (b), insofar as it creates a different classification for haulers of unprocessed agricultural commodities than for haulers of processed agricultural commodities, is unconstitutional and of no effect. Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483 (1929); Teachers Retirement System of Idaho v. Williams, 84 Idaho 467, 374 P.2d 406 (1962); State v. Finch, 79 Idaho 275, 315 P.2d 529 (1957); People v. Navarro, 7 Cal.3d 248, 102 Cal.Rptr. 137, 497 P.2d 481 (1972); McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537 (1957); People v. McCaughan, 49 Cal.2d 409, 317 P.2d 974 (1957). *Cf.* Nelson v. Marshall, 94 Idaho 726, 497 P.2d 47 (1972). That portion of the trial court's judgment which held the weight limitations set forth in I.C. § 49–901 (a) and (b) to be unconstitutional and that I.C. § 49–901(c) be applied to all types of cargoes, is reversed, and the trial court is

directed to enter a new judgment holding I.C. § 49–901(a) and (b) to be constitutional, and further holding I.C. § 49–901(c) to be unconstitutional to the extent that it exempts unprocessed agricultural commodities from the weight limitations of I.C. § 49–901(a) and (b).

Costs to appellant.

DONALDSON, McQUADE and Mc-FADDEN, JJ., concur.

SHEPARD, Chief Justice (dissenting).

I dissent and would affirm the judgment of the district court. Plaintiffs brought this action for declaratory judgment seeking a determination of the unconstitutionality of I.C. § 49–901*(a) and (b)*. Defendants answered joining issue solely on the constitutionality of I.C. § 49–901(a) and (b). The matter was submitted to the district court on the parties' stipulation of facts. Thereafter the district court entered a memorandum decision, findings of fact, conclusions of law, and judgment. The district court held that the relief sought by plaintiffs should be granted and that I.C. § 49–901*(a) and (b)* were unconstitutional.

One would think this would be an end to the proceedings in the lower court; however, the record indicates that thereafter the Idaho Board of Highway Directors moved to intervene in a case which had already been decided. On the same day motion was made to amend the findings, conclusions and judgment. Therein for the first time was I.C. § 49–901(c) discussed.

The district court denied the motion to amend and denied the motion to intervene. Appeal was perfected to this court by the Idaho Board of Highway Directors solely from the trial court's denial of their motion to intervene. Thus no constitutional problem is presented by the appeal of the Highway Board.

It is therefore my belief that this court in holding I.C. § 49–901(c) unconstitutional has granted relief sought by none of the *parties* (except persons who belatedly and

unsuccessfully sought to intervene). It has so held although none of the beneficiaries of I.C. § 49–901(c) (admittedly discriminatory) were before the court and no rationale for the constitutionality of the legislation was presented.