Peterborough District Court
No. 7186

STATE OF NEW HAMPSHIRE v. JOHN G. HADLEY

September 30, 1975

542

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* under Supreme Court Rule 23 *(Mr. Heed* orally), for the State.

*Smith & Angelo (Mr. Bruce R. Angelo* orally) for the defendant.

KENISON, C.J. This appeal involves the constitutionality of RSA 249:51 (Supp. 1973), Spillage of Material. On September 25, 1974, the defendant received a summons for violating this statute by failing to cover a dump truck hauling gravel. Prior to trial he moved to dismiss the complaint alleging that the statute unreasonably exempted certain operators similarly situated and thus deprived him of the equal protection of the laws. *See Morey v. Doud,* 354 U.S. 457 (1957). The defendant moved that the constitutional question be transferred to this court, and *Brighton,* J., so ordered. RSA 502-A:17 (Supp. 1973).

RSA 249:51 I (Supp. 1973) provides: "No vehicle shall be driven ... on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking or otherwise escaping...." RSA 249:51 II (Supp. 1973) provides: "No person shall operate on any highway any vehicle with any load unless said load and any covering thereon is securely fastened so as to prevent said covering or load from becoming loose, detached or in any manner a hazard to other users of the highway. Without limiting the foregoing provision, no person shall operate on any highway any open vehicle loaded with earth, sand, asphalt, stone, gravel or other particulate substance unless said vehicle is equipped with and said load is covered

and secured by a close-fitting tarpaulin which prevents the escape of any substance from said load onto the highway." RSA 249:51 IV (Supp. 1973) states that these provisions "shall not apply to a local farmer transporting his own farm products or materials incidental to his farming operations where such transporting requires incidental use of a public highway . . . ." RSA 249:51 V (Supp. 1973) states that RSA 249:51 II "shall not apply to: (a) The operation of highway building equipment . . . and motor vehicles used in the construction of highways provided that such equipment or motor vehicle is used within a highway construction zone . . . ." or "(b) The operation of municipal and state highway maintenance equipment." This statute is derived from section 14-106 of the Uniform Vehicle Code (1968). *Cf. Erwin v. State*, 262 So. 2d 677 (Fla. 1972).

The fourteenth amendment requires that there be a rational relationship between the purpose of the statute and the classifications which it makes. *Belkner v. Preston*, 115 N.H. 15, 332 A.2d 168 (1975). The leading case regarding highway safety classifications is *Sproles v. Binford*, 286 U.S. 374 (1932), in which the Court sustained a Texas statute which exempted from general limitations on vehicle size "implements of husbandry" and "highway building and maintenance machinery temporarily propelled or moved upon the public highways." The Court relied on the fact that "the movement [of such vehicles] would be relatively temporary and infrequent as compared with the ordinary uses of the highways by motor trucks." 286 U.S. at 392. In *Aero Transit Co. v. Georgia Public Service Commission*, 295 U.S. 285, 293 (1935), the Court indicated that the validity of exceptions to safety regulations would depend on such considerations as "the extent or regularity of the traffic thus excepted." Evidently, a legislature may exempt certain activity from regulation if the danger from the activity, due to its infrequency, is slight compared to other activity which is subject to regulation.

The exemption for farming operations is valid under *Sproles v. Binford supra*. The legislature could reasonably conclude that such activity creates significantly less danger than other traffic and that requiring the farmer to cover his load each time would impose a burden materially greater than that imposed on other operators. There is general recognition that such activity is different from ordinary traffic so that it may be entitled to special exemptions as well as subject to special regulation. *See* National Committee on Uniform Traffic Laws and Ordinances, Uniform

Vehicle Code and Model Traffic Ordinance, §§ 12-215, 14-101 (1968).

The exemption of road construction equipment in construction zones has a rational basis. In highway construction zones motorists receive special notice of potential hazards and ordinarily are required to reduce their speed, thereby reducing the dangers against which the statute guards. Furthermore in such zones it would be extraordinarily burdensome to require that vehicles be covered each time they moved. The exception for state and municipal maintenance equipment can rest on consideration of the nature of the work involved and on the opportunity for administrative control. Maintenance work may require frequent short trips, which would materially increase the burden of covering the load in comparison to other operators. It is important to note that this exemption relates primarily to the duty to cover vehicles carrying particulate matter. Public employees are still subject to prosecution for spilling material. The legislature could reasonably find that public operators are more likely to comply because they are subject to administrative control while private operators are not. Citizens are more likely to complain effectively about the operation of public vehicles than about private ones. Similarly law enforcement officers may challenge potentially dangerous practices of public vehicles through government channels, an alternative not available in the case of private operators. Although no case exactly in point has been found, the most relevant precedents support the challenged provisions. Exemptions of public vehicles from weight limits have frequently been sustained. *State v. Seraphine,* 266 Wis. 118, 62 N.W.2d 403 (1954); *Alexander v. State,* 228 Ga. 179, 184 S.E.2d 450 (1971); *Department of Public Safety v. Freeman Ready-Mix Co.,* 292 Ala. 380, 295 So. 2d 242 (1974). In the present case the legislature could reasonably find that the exempted activities involve less danger and would bear a greater burden than traffic in general if subjected to the statute. Therefore RSA 249:51 (Supp. 1973) satisfies the command of the fourteenth amendment and is constitutional.

*Remanded.*

All concurred.