Grafton
No. 78-286

## THE STATE OF NEW HAMPSHIRE

v.

## GEORGE F. AMYOT
## DONALD R. BLAIS
## JEAN C. CHALIFOUX
## PHILIP F. IRISH

August 20, 1979

*Thomas D. Rath*, attorney general (*Paul W. Hodes*, attorney, by brief and orally), for the State.

*Decato & Cirone*, of Lebanon (*R. Peter Decato*, by brief and orally), for the defendants.

BOIS, J.   This reserved case involves three questions raised by the defendants and transferred prior to a hearing on the merits by the

Superior Court (*Johnson*, J.). All transferred questions relate to complaints charging the defendants with operating overweight trucks in violation of RSA 263:61, *as amended* (Supp. 1977). The questions are first, whether the State must prove that the defendants "purposely" violated RSA 263:61; second, whether the substance of the complaints sufficiently charge the defendants; and third, whether RSA 263:64 VI, which permits truckers hauling unprocessed forest products in the northern section of the State to carry loads that would otherwise be in violation of RSA 263:61, denies the defendants equal protection of the laws as guaranteed by U.S. Const. amend. XIV and N.H. Const. pt. 1, art. 1. Because we answer the third question in the affirmative, we refrain from answering the other two transferred questions.

Between July 15 and September 30, 1977, the four defendants were charged with operating overweight trucks in violation of RSA 263:61, *as amended* (Supp. 1977). Complaints were filed against them on October 20, 1977. Each of the defendants pleaded not guilty, was found guilty without formal trial by the Lebanon District Court (*Lovejoy*, J.), and appealed his case to the superior court. *See* RSA 502-A: App. R. 214 (Supp. 1977). Upon an agreed statement of facts and prior to trial, the case is now before us. *See* RSA 490:9, :12.

RSA 263:61, *as amended* (Supp. 1977) provides that "[t]he operation on highways of this state of any vehicle or combination of vehicles equipped with pneumatic tires, exceeding the limitations of this section is hereby prohibited." The statute further provides a comprehensive mathematical scheme based on vehicle type and axle specifications in order to determine whether a particular truck carrying a particular poundage is overweight.

RSA 263:64 VI provides "that a special permit may be issued to a person transporting unprocessed forest products on designated routes" in a certain area of the State located within Coos, Grafton, and Carroll counties. Truckers who qualify for and obtain the special permits may haul loads up to 90,000 pounds.

None of the defendants were carrying unprocessed forest products or operating within the statutorily designated area of the State's northern counties when charged with operating overweight trucks. Each driver, however, met the vehicle and axle requirements of the permit provision, and was hauling less than 90,000 pounds. The defendants claim that it violates their federal and State constitutional guarantees of equal protection of the laws to prosecute them for an overweight truck offense when truckers hauling unprocessed forest products in the State's northern tier can carry identical poundage in

identical vehicles and avoid prosecution by obtaining a permit authorized by RSA 263:64 VI. They argue that the permit provision creates an arbitrary and irrational classification that is unrelated to the public safety and highway maintenance purposes of the overweight truck statutes. We agree.

The State guarantee of equal protection of the laws mandates "that there be a rational relationship between the purpose of [a] statute and the classifications which it makes." *State v. Hadley*, 115 N.H. 541, 543, 345 A.2d 160, 161 (1975), *appeal dismissed*, 429 U.S. 802 (1976); *H. P. Welch v. State*, 89 N.H. 428, 432, 199 A. 886, 889 (1938), *aff'd*, 306 U.S. 79 (1939). The equal protection guarantee extends to the State's granting of privileges as well as to its imposing of restrictions. *Rosenblum v. Griffin*, 89 N.H. 314, 197 A. 701 (1938). "Equality of benefit is no less required than equality of burden." *Id.* at 321, 197 A. at 706.

We must evaluate the special permit privilege of RSA 263:64 VI by determining whether it rationally relates to the public safety or highway maintenance purposes of the State's overweight truck laws. We endorse the reasoning of the supreme court of a sister jurisdiction which stated that "[a]lthough there is no express legislative statement concerning the purpose of the weight limitation statutes, it is patent that the principal concern of the legislature in enacting the [overweight truck] statutes was for the protection of the highways." *Sterling H. Nelson & Sons, Inc. v. Bender*, 95 Idaho 813, 520 P.2d 860, 862 (1974). We cannot perceive how 90,000 pounds of unprocessed forest products is any less threatening to highway safety or the upkeep of the public ways than 90,000 pounds of any other commodity. *See id.* Nor do we find any justifiable basis to treat truckers differently in the northern part of the State than they are treated in the southern. *Cf. Belkner v. Preston*, 115 N.H. 15, 332 A.2d 168 (1975) (holding that the time allowed for substituting an administrator in an estate's pending tort action must be the same in every county).

The State's argument that the special permit provision rationally relates to the legitimate legislative purpose of promoting the lumber industry in the northern counties, and that the classification it creates is therefore permissible, presumes the wrong analytical approach. Furthering the interest of lumbermen, although perhaps a proper subject for economic legislation, has no relation to public safety or highway maintenance. The legislature may not act to favor lumbermen by creating an arbitrary classification within a public safety chapter. *See Sterling H. Nelson & Sons, Inc. v. Bender*, 95

Idaho 813, 520 P.2d 860, 862–63 (1974); *Smith v. Cahoon*, 283 U.S. 553, 567 (1931). *But see State v. Pyle*, 226 Or. 485, 360 P.2d 626 (1961); *State v. Consolidated Freightways Corp.*, 72 Wis. 2d 727, 242 N.W.2d 192 (1976). Therefore, RSA 263:64 VI is held to be unconstitutional.

Because the defendants are being prosecuted under RSA 263:61 for activities which were arbitrarily permitted to be engaged in by others under RSA 263:64, we order that the complaints against the defendants be dismissed.

*So ordered.*

All concurred.