DAVID H. HARDING, APPELLEE, v. BOARD OF EQUALIZATION, APPELLEE; C. E. FIELDS, INTERVENER, APPELLANT.

FILED NOVEMBER 14, 1911.    No. 17,080.

Taxation: LIQUOR LICENSES. The privilege granted a licensee to sell intoxicating liquors is not subject to assessment for taxation under the provisions of chapter 77, Comp. St. 1911, which in substance provide for *ad valorem* taxation.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*James B. Kelkenney,* for appellant.

*James P. English, Thomas F. Lee* and *Benjamin S. Baker,* contra.

ROOT, J.

But one question is presented in this case, and that is whether a privilege granted by a license to sell intoxicating liquors is subject to *ad valorem* taxation. The dis-

trict court held that it is not. Such licenses are but mere temporary permits to the licensee to do that which without it would be unlawful. The licensee does not thereby become vested with any property right, within the meaning of section 3, art. I of the constitution, which provides: "No person shall be deprived of life, liberty or property without due process of law." *Pleuler v. State*, 11 Neb. 547; *Martin v. State*, 23 Neb. 371; *Dinuzzo v. State*, 85 Neb. 351. The privilege is purely personal; it may not be transferred by the act of the licensee or by operation of law; it may be canceled by a repeal of the statute authorizing the granting of licenses, or by an amendment thereto requiring the payment of a greater sum than formerly, and it may be summarily revoked for any cause provided by statute or by the ordinance under which it was used.

In *City and County of San Francisco v. Anderson*, 103 Cal. 69, it was held that the right to a seat in a voluntary association, known as the "Stock Exchange," does not contain such elements of property as to be subject to taxation. To the same effect is *Baltimore City v. Johnson*, 96 Md. 737. The reasons underlying the district court's decision that the privilege granted by the license is not taxable by valuation are stronger than those sustaining the last cited cases. There is no statute specifically authorizing the levy of a tax by value in addition to the payment of the license money, and we are of opinion that no such right exists.

The judgment of the district court is

'AFFIRMED.