**Raymond Edward PARKS, Appellant,**
v.
**Ivan ALLEN, Jr., Mayor of the City of Atlanta, et al., Appellees.**

No. 25596.

United States Court of Appeals
Fifth Circuit.

March 27, 1969.

Wesley R. Asinof, Atlanta, Ga., for appellant.

Thomas F. Choyce, Henry L. Bowden, Atlanta, Ga., for appellees.

William L. Harper, Asst. Atty. Gen., Atlanta, Ga., amicus curiae.

Before WISDOM and AINSWORTH, Circuit Judges and JOHNSON, District Judge.

PER CURIAM:

Parks, and unsuccessful applicant for a retail liquor license in Atlanta, Georgia, filed a complaint against the Mayor and Board of Aldermen of the City of Atlanta. He asked for a declaratory judgment and injunction by virtue of Title 28, Section 1343 of the U.S.Code, and Section 2201 of Title 28, authorizing a declaratory judgment. The Police Committee and the Board of Aldermen had denied Parks's application on the sole ground that he did not meet the requirements of §§ 5–1, 5–26 of the Atlanta City Ordinances since his father already owned two retail liquor licenses.[1] Sections 5–1

---

[1]. Section 5–1 of the Ordinance of the City of Atlanta, reads as follows:

"Family shall mean and include any person related to the holder of such license within the first degree of consanguinity or affinity as determined according to civil law."

Section 5–26 of the Ordinance of the City of Atlanta, reads as follows:
Sec. 5–26. Limitation on number of licenses within a family.

(a) No application for a retail license to sell spirituous liquors in the package at retail shall be granted where the per-

and 5–26 prohibit the issuance of a retail liquor license to any person when another member of that person's family already holds two licenses. The district court granted summary judgment in favor of the defendants. We remand.

 Parks contends that the city ordinance violates the equal protection clause of the fourteenth amendment in that the limitation of retail liquor licenses by families is an unreasonable classification. The Twenty-First Amendment confers upon the states broad regulatory power over the liquor traffic within their 1297, 12 L.Ed.2d 350; Joseph E. Sea- S.Ct. 661, 664, 89 L.Ed. 951; Hostetter territories. United States v. Frankford Distilleries, 1945, 324 U.S. 293, 299, 65 v. Idlewild Bon Voyage Liquor Corp., 1964, 377 U.S. 324, 330, 84 S.Ct. 1293, gram & Sons, Inc. v. Hostetter, 1966, 384 U.S. 35, 41, 86 S.Ct. 1254, 1259, 16 L.Ed. 2d 336. However even in the regulation of the sales of liquor, arbitrary or unreasonable licensing procedures are in violation of the due process and equal protection clauses of the fourteenth amendment. See Louis K. Liggett Co. v. Baldridge, 1928, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204; Atlanta Bowling Center, Inc. v. Allen, 5 Cir. 1968, 389 F.2d 713; Hornsby v. Allen, 5 Cir. 1964, 326 F.2d 605.

 The only evidence in the record on the reasonableness of the classification was an affidavit by a member of the Board of Aldermen attesting to the intent of the Board when it adopted §§ 5–1, 5–26 of the Atlanta City Ordinances. This affidavit contains very general statements on the supposed evil of granting more than two licenses to a family,

but no specific evidence of the existence or effect of "monopolistic practices", "political pressures," or "economic pressure". Since a determination of the constitutional infirmity of a state statute of city ordinance is necessarily a serious matter, we are reluctant to undertake this step without the benefit of a well developed record. Accordingly, we reverse and remand to the district court for further development of the record on the reasonableness of limiting liquor licenses to two to a family.

Reversed and remanded.

son applying for such license and all members of such person's family already hold two interests in a license to sell spirituous liquors by the package at retail.

(b) As used in this section an interest in a license shall be deemed to exist if the person involved is the outright owner of the license, a co-owner of the license, a partner in a partnership which owns all or any part of a license, a stockholder in any corporation organ-

ized for pecuniary gain which owns all or any part of a license, an owner, lessor, sublessor or any part of a license, an owner, lessor, sublessor or stockholder in any corporation organized for pecuniary gain owning or leasing any real estate which is occupied by a retail liquor store or shares in any of the income or corpus of any trust fund or estate having any interest in a retail liquor store.