496 P.2d 276

STATE of Idaho, Plaintiff-Appellant,

v.

James CANTRELL et al., Defendants-Respondents.

Nos. 10845–10847.

Supreme Court of Idaho.

April 4, 1972.

Rehearing Denied May 8, 1972.

654

---

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., Boise, and Gary M. Haman, Pros. Atty., Coeur d'Alene, for plaintiff-appellant.

James P. Keane, Kellogg, for defendants-respondents James Cantrell and Jane Cantrell.

Thomas A. Mitchell, Coeur d'Alene, for defendant-respondent Charles Miller.

McQUADE, Chief Justice.

James and Jane Cantrell were arrested on January 5, 1970, pursuant to warrants issued upon criminal complaints. Both were charged with the felony of selling intoxicating liquors without a license [1] at the Lumberjack Cafe near Cataldo, Idaho, on the evening of November 18, 1969. After a preliminary hearing they were bound over to the district court where they ap-peared for arraignment. Upon the reading of the informations, both defendants filed their respective demurrers and motions to quash the informations. The district court continued the arraignment pending disposition of the motions and demurrers.

Defendant Charles Miller was arrested on April 4, 1970, at his place of business known as "Charlie's Acres," near Rathdrum, Idaho, for selling intoxicating liquor that night without a license. After a preliminary hearing the defendant was bound over to the district court. At his arraignment, Charles Miller also filed a motion to quash the information and a demurrer on grounds somewhat similar to those asserted by the Cantrells. The trial court granted Miller a hearing and ordered that it be consolidated with hearings on the motions and demurrers filed by the Cantrells. (The cases themselves were not combined).

The briefs in support of the motions and demurrers argued that the facts alleged in the respective informations could not constitute a public offense because the liquor licensing scheme embodied in Idaho Code, Title 23, creates a classification which violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Art. I, § 2 of the Idaho Constitution.[2] I.C. §§ 23–903 and 23–948 require a business engaged in the retail sale of liquor by the drink to be located within an incorporated city, excepting 1) upon a "golf course" as defined; 2) an "airport" as defined; or 3) at a "lake resort" as defined. The defendants possessed licenses for the retail sale of beer for consumption at their places of business. They admitted that they did not possess liquor licenses, and explained that they had not applied for licenses because the locations of their businesses placed them outside a municipality and not within any of

---

[1]. "23–938. *Selling liquor without license— Penalty.*—Any person who sells or keeps for sale any liquor without a license as provided in this act shall be guilty of a felony and upon conviction thereof shall be fined not less than one thousand dollars ($1,000) or more than five thousand dollars ($5,000), or be imprisoned in the state prison for not less than one (1) year nor more than five (5) years, or both such fine and imprisonment."

[2]. "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *."

the enumerated exceptions to the municipality requirement.

The district court denied the defendants' demurrers, but granted the motions to quash, finding that the legislative requirements for a business to engage in the retail sale of liquor by the drink, denied defendants equal protection of the laws. The language of the court's memorandum opinion appears to hold the classification unconstitutional on its face rather than simply as applied to these defendants. The State of Idaho has appealed the holding.

■ We must preface discussion of the constitutional issue by disposing of the State's contention, that defendants' failure to apply for retail liquor licenses destroyed their standing to challenge the constitutionality of the statutes under which they were prosecuted. The only authority cited to support this assertion is a Washington decision denying relief to civil plaintiffs, who brought an action to enjoin enforcement of liquor licensing regulations on grounds that the authorizing statute was unconstitutional for failure to prescribe adequate standards. Relief was denied because the plaintiffs did not claim that they had been denied licenses.[3] That holding merely restates the familiar rule that one who seeks injunctive relief from enforcement of a statute must show that he is adversely or injuriously affected by the statute.[4] When applied to defendants who raise constitutional defenses to criminal prosecutions, the rule requires simply that the constitutional issues relate directly to the particular statutory provisions upon which the prosecutions are based.[5] That requirement is satisfied in each of the present cases.

■ The Twenty-First Amendment to the United States Constitution confers upon the states broad regulatory powers over liquor traffic within their respective territories. Article III of the Idaho Constitution, expressly grants to the legislature plenary power to control the sale of intoxicating liquors, "for the promotion of temperance and morality." The introductory section to the relevant part of Title 23, I.C. § 23–901, declares that:

> "The restrictions, regulations, and provisions contained in this act are enacted by the legislature for the protection, health, welfare and safety of the people of the state of Idaho and for the purpose of promoting and encouraging temperance in the use of alcoholic beverages within said state of Idaho."

Such declaration reflects an exercise of the state's sovereign police power. This Court has acknowledged that the police power is "the least limitable of the powers of government."[6] Some discrimination is inherent in any legislative attempt to limit the number of retail outlets for liquor by the drink, and because any legislation is presumed to be constitutional,[7] a mere showing of discrimination has been held insufficient to defeat the regulatory scheme.[8] Nevertheless, to comply with the equal protection requirements of the federal and state constitutions, the discriminatory classification must reflect a reasonably conceivable, legitimate public purpose,[9] and it

3. Randles v. Washington State Liquor Control Bd., 33 Wash.2d 688, 206 P.2d 1209, 9 A.L.R.2d 531 (1949).

4. E. g., Poffenroth v. Culinary Workers Union Local No. 328, 71 Idaho 412, 232 P.2d 968 (1951).

5. E. g., State v. Clark, 88 Idaho 365, 399 P.2d 955 (1965); State v. Wendler, 83 Idaho 213, 360 P.2d 697 (1961).

6. Rowe v. City of Pocatello, 70 Idaho 343, 349, 218 P.2d 695, 699 (1950); see also: District of Columbia v. Brooke, 214 U.S. 138, 149, 29 S.Ct. 560, 53 L.Ed. 941 (1909).

7. Rich v. Williams, 81 Idaho 311, 341 P.2d 432 (1959).

8. Gartland v. Talbott, 72 Idaho 125, 237 P.2d 1067 (1951).

9. See, e. g., Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963); Hartford Steam Boiler I. & Ins. Co. v. Harrison, 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1937). The more rigorous test of purpose, "compelling state interest," applied

must relate reasonably to that ascribed purpose.[10] Because a legitimate public purpose appears, prima facie, from the language of I.C. § 23–901, the issue is narrowed to whether the four-part classification is reasonably related to that purpose.

■■ When exercising its police power over economic activity, the legislature is accorded wide latitude in selecting a classification to accomplish the given purpose.[11] In this appeal the State maintains that the classification as to incorporated cities is designed to insure adequate police supervision and protection of established retail outlets and to make certain that a local governing body in addition to the State is situated to review the qualifications of prospective new licensees. As to the other classification categories, the State argues, in effect, that the legislative intent was to extend the scope of authorized retail liquor sales by the drink to substantial, permanent enterprises which appeared to pose relatively few police supervision and protection problems despite their rural location. Such expansion of liquor licensing outlets falls well within the plenary power of the legislature.

■■ It is argued that enterprises other than those specifically identified in Title 23 might qualify for liquor licenses under the state's rationale. In that respect, the classification may be "under-inclusive" because it benefits some persons in a manner which furthers a legitimate public purpose but does not confer the same benefit on others alleged to be similarly situated.[12] However, in appropriate cases the courts prudently have modified the strict theory

that the classification must include all those similarly situated with respect to the purpose, holding that equal protection has not been denied. Acceptance of under-inclusion is justified on practical grounds when the legislature, exercising the police power, must be free to remedy parts of a problem, or to recognize degrees of a problem and to formulate solutions in the areas it determines to be more in need or more readily corrected than others.[13] In the complex field of licensing retail sales of liquor by the drink, to require either that the legislature remedy at once all aspects of a particular problem or that it do nothing would emasculate the plenary power expressly granted by the state constitution.

The judgment of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.

McFADDEN and SHEPARD, JJ., concur.

DONALDSON, Justice (concurring and dissenting).

I concur with the majority opinion except that portion which finds constitutional the four-part classification contained in I.C. § 23–903 and I.C. § 23–948, which require a business engaged in the retail sale of liquor by the drink to be located (1) within an incorporated city, (2) upon a golf course, (3) at a municipal or county airport, or (4) at a lake resort with a certain amount of lake frontage. The majority opinion recognizes that this classification must reflect a "reasonably conceivable, legitimate public purpose, and it must relate reasonably to that ascribed purpose,"

---

to "suspect" classifications based on race, national origin and alienage, or to infringements of "fundamental interests" such as voting, procreation and rights respecting criminal procedure, is not applicable to the present cases.

10. Weller v. Hopper, *supra* note 9; McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

11. *E. g.*, International Harvester Co. of America v. Missouri, 234 U.S. 199, 34 S. Ct. 859, 58 L.Ed. 1276 (1914).

12. This term and its definition are adopted from Developments in the Law, Equal Protection, 82 Harv.L.Rev. 1065, 1084–1086 (1969).

13. *See, e. g.*, Williamson v. Lee Optical, Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937).

and then proceeds to so find. However, in considering the purpose, we must keep in mind Art. 3, § 24 of the Constitution, which states:

"*Promotion of temperance and morality.* —The first concern of all good government is the virtue and sobriety of the people, and the purity of the home. The legislature should further all wise and well directed efforts for the promotion of temperance and morality."

and I.C. § 23–901, which says,

"The restrictions, regulations, and provisions contained in this act are enacted by the legislature for the protection, health, welfare and safety of the people of the state of Idaho and for the purpose of promoting and encouraging temperance in the use of alcoholic beverages within said state of Idaho."

I agree that the limitation of liquor licenses to incorporated cities and to municipal or county airports—in order to insure adequate police supervision and protection and also to provide a closer review of prospective new licensees—is reasonably related to the purpose of promoting public health, safety, and welfare, and, therefore, complies with the equal protection requirements of the Federal and State Constitutions.

However, in regard to the other two classifications, golf courses and lake resorts, I do not think that they bear a direct, real, and substantial relationship to a legitimate public purpose. The purpose is to eliminate illegal traffic in liquor, to promote public safety, and to promote and encourage temperance in the use of liquor by strict control of the sale and distribution of liquor. The majority opinion upholds the classification on the basis that its purpose is to limit the sale of liquor to substantial and permanent enterprises that will pose few police supervision and protection problems. It should be noted that golf courses and lake resorts are frequently located many miles from the nearest law enforcement agencies which, therefore, cannot exercise adequate supervision and con-

trol. Merely because golf courses and lake resorts of a certain area are substantial and permanent does not mean that other businesses of a similar substantial and permanent nature which are not located on golf courses or on lakes can be discriminated against by the state under the guise of exercising its police power. A state police regulation, like any other law, is subject to the equal protection clause of the Fourteenth Amendment to the United States Constitution. As the Supreme Court of the United States stated in Hartford Steam Boiler I. & Ins. Co. v. Harrison, 301 U.S. 459, 57 S.Ct. 838, 81 L.Ed. 1223 (1937):

"It may be said generally that the equal protection clause means that the rights of all persons must rest upon the same rule under similar circumstances, and that it applies to the exercise of all the powers of the state which can affect the individual or his property * * *.

* * * * * *

"Discriminations are not to be supported by mere fanciful conjecture. They cannot stand as reasonable if they offend the plain standards of common sense." 301 U.S. at 461–462, 57 S.Ct. at 839 (citations omitted).

And as this Court said in Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963):

"'* * * A state may not, under the guise of protecting the public, arbitrarily interfere with or prohibit private businesses or lawful occupations, and any regulation must be reasonable in its nature and directed to the prevention of the evils, and adapted to the accomplishment of the avowed purposes.' 16 C.J.S. Constitutional Law § 188, pp. 925–930." 85 Idaho at 390, 379 P.2d at 794.

Even in the regulation of the sale of liquor, licensing requirements which are arbitrary or unreasonable violate the due process and equal protection clauses of the Fourteenth Amendment. Glicker v. Michigan Liquor Control Comm'n, 160 F.2d 96 (6th Cir. 1947); Parks v. Allen, 409 F.2d 210 (5th Cir. 1969).

In my opinion the classification in question is not founded on a difference that is either rational, fair, or reasonable; rather, it is arbitrary and discriminatory. This classification neither protects the health, welfare, and safety of the people of the State of Idaho nor does it promote and encourage temperance in the use of intoxicating liquor.

HAGAN, District Judge, concurs.