580 P.2d 858

James W. ADAMS, Plaintiff-Appellant,

v.

DEPARTMENT OF LAW ENFORCE-MENT, State of Idaho, Defendant-Respondent.

No. 12248.

Supreme Court of Idaho.

June 26, 1978.

Stephen W. Boller, Hailey, for plaintiff-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Sr., Deputy Atty. Gen., Jay F. Bates, Legal Counsel, Dept. of Law Enforcement, Boise, for defendant-respondent.

McFADDEN, Justice.

This appeal is from a judgment denying appellant's petition for writ of mandate to compel issuance of a retail liquor license. We affirm.

The stipulated facts are that appellant leases the bar and restaurant portion of the Woodside Racquet Club in Hailey, Idaho.

Woodside Racquet Club is a tennis facility with courts, clubhouse, restaurant and cocktail lounge located within the Hailey city limits. Appellant held valid state, county and municipal retail beer and wine licenses and sought to obtain a state retail liquor license in order to sell liquor by the drink in the club. Appellant's retail liquor license application was denied because Hailey, a city of 1,425 population, already had five renewed liquor licenses and no new liquor licenses were available.

Appellant sought to compel issuance of the liquor license by a petition for peremptory writ of mandate. This appeal is from a denial of writ of mandate by the district court.

Licenses for the retail sale of liquor by the drink are governed by I.C. § 23–903:

The director of the department of law enforcement is hereby empowered, authorized, and directed to issue licenses to qualified applicants, as herein provided . . . . No license shall be issued for the sale of liquor on any premises outside the incorporated limits of any city except as provided in this act and the number of licenses so issued for any city shall not exceed one (1) license for each one thousand five hundred (1,500) of population of

said city or fraction thereof [hereinafter quota system] . . . except that upon proper application thereof not more than two (2) licenses may be issued for each incorporated city with a population of one thousand five hundred (1,500) or less . . . provided, however, that any license heretofore issued may be renewed from year to year without regard to the population of the city for which such license is issued [hereinafter grandfather clause].

Exemptions to the above-stated quota system, however, are allowed for qualifying golf courses and ski resorts,[1] common carriers,[2] lake resorts,[3] and operators of convention centers.[4]

Appellant recognizes that no new liquor licenses are available under I.C. § 23–903 for the city of Hailey.[5] However, appellant argues that the exemptions contained in title 23, chapter 9 violated the equal protection clause because not all similarly situated retail establishments are granted exemptions.

■■■ Regulation and control of the sale of intoxicating liquors, including licensing of retail liquor outlets, is vested in the legislature. U.S.Const. amend. XXI; Idaho

1. I.C. § 23–903 provides: "Nothing herein contained shall prohibit the issuance of a license to the owner, operator, or lessee of an actual, bona fide golf course, or ski resort . . . ." For purposes of the section, a golf course must be 40 acres in area, contain 9 tees and be regularly used for playing golf. A ski resort, under the statutory exemption, must be 10 acres in area exclusive of the skiing terrain, contain overnight accommodations for 100 people and be regularly operated as a ski resort in the winter.

2. I.C. § 23–903 grants an exemption to the population quota system to operators of restaurants located on qualifying airports owned by a county or municipality. Additionally, common carrier airlines, boat lines and railroads are allowed exemptions under I.C. § 23–906.

3. Operators of lake resorts as defined by I.C. § 23–948 are allowed exemptions whether located within or outside the incorporated limits of a municipality.

4. Effective March 16, 1978, I.C. § 23–903 was amended by 1978 Idaho Sess.Laws, Ch. 126 (House Bill No. 495) to allow a statutory ex-

emption to the quota system limitation for convention centers located within cities not already having a convention center that have a population of 3000 or more. The stated purpose of the amended legislation is stated in § 1: "It is the purpose of the legislature to encourage the economic development of the state of Idaho and its tourist and tourist-related industries by supporting the construction and operation of convention centers in those Idaho cities of sufficient size and economic base to maintain bona fide convention centers, who do not presently have such convention centers."

5. Appellant originally argued that two new liquor licenses were available for the city of Hailey, in addition to the five licenses that had been renewed under the grandfather clause of I.C. § 23–903. A similar argument was dismissed by this court in Crazy Horse, Inc. v. Pearce, 98 Idaho 762, 572 P.2d 865 (1977), decided since filing this appeal. At oral argument appellant abandoned this argument as being foreclosed by Crazy Horse, Inc. v. Pearce, supra.

Const. art. 3, § 26. Licensing regulations for the retail sale of liquor "are enacted by the legislature for the protection, health, welfare and safety of the people of the state of Idaho and for the purpose of promoting and encouraging temperance in the use of alcoholic beverages within said state of Idaho." I.C. § 23–901. In *State v. Cantrell*, 94 Idaho 653, 496 P.2d 276 (1972), this court recognized that although the regulation of retail liquor outlets was for a legitimate stated public purpose, the regulatory classifications of the licensing act must nevertheless reasonably relate to the accomplishment of that purpose.

> Some discrimination is inherent in any legislative attempt to limit the number of retail outlets for liquor by the drink, and because any legislation is presumed to be constitutional [footnote omitted], a mere showing of discrimination has been held insufficient to defeat the regulatory scheme. [Footnote omitted] Nevertheless, to comply with the equal protection requirements of the federal and state constitutions, the discriminatory classification must reflect a reasonably conceivable, legitimate public purpose, [footnote omitted] and it must relate reasonably to that ascribed purpose. [Footnote omitted] Because a legitimate public purpose appears, prima facie, from the language of I.C. § 23–901, the issue is narrowed to whether the . . . classification is reasonably related to that purpose.

*Id.* 94 Idaho at 655–56, 496 P.2d at 278–79.

In *State v. Cantrell, supra*, the court concluded that the regulatory licensing scheme was reasonably related to the purpose of insuring adequate police protection by limiting liquor licenses either to establishments within a municipality or to substantial enterprises outside the municipality that posed few police protection problems. That decision also addressed the argument advanced here that all establishments that might qualify under this rationale are not granted exemptions. In *State v. Cantrell*, 94 Idaho at 656, 496 P.2d at 279, this court stated:

> It is argued that enterprises other than those specifically identified in Title 23 might qualify for liquor licenses under the state's rationale. In that respect the classification may be "under-inclusive" because it benefits some persons in a manner which furthers a legitimate public purpose but does not confer the same benefit on others alleged to be similarly situated [footnote omitted]. However, in appropriate cases the courts prudently have modified the strict theory that the classification must include all those similarly situated with respect to the purpose, holding that equal protection has not been denied. Acceptance of under-inclusion is justified on practical grounds when the legislature, exercising the police power, must be free to remedy parts of a problem, or to recognize degrees of a problem and to formulate solutions in the areas it determines to be more in need or more readily corrected than others. [Footnote omitted] In the complex field of licensing retail sales of liquor by the drink, to require either that the legislature remedy at once all aspects of a particular problem or that it do nothing would emasculate the plenary power expressly granted by the state constitution.

This reasoning disposes of appellant's constitutional challenge in the instant case. We hold that appellant was not denied equal protection of the law by respondent's denial of his liquor license application.

We do not express our approval, however, of the piecemeal statutory regulation of retail liquor sales. The need for a reappraisal of the entire statutory scheme is suggested by the almost annual amendments to the statute. Again in 1978, I.C. § 23–903 was amended by 1978 Idaho Sess. Laws, Ch. 126, in an attempt to encourage "tourism" and "economic development of the state". We recognize the constitutional validity of legislation *reasonably* related to the purpose of promoting economic development, however, we do not express an opinion as to the continued validity of future piecemeal modifications to an exception-ridden licensing statute. Statutory modifications, although individually reasonable, may as a whole become unreasonable, arbitrary and capricious and thereby pose serious constitutional problems.

The judgment of the district court is affirmed.

SHEPARD, C. J., and BAKES, J., concur.

DONALDSON, Justice, dissenting.

From the majority's affirmance of our state liquor licensing system, I must again respectfully dissent. As I stated six years ago in my dissent in *State v. Cantrell*, 94 Idaho 653, 496 P.2d 276 (1972), the classification system contained in I.C. § 23–903 and I.C. § 23–948 violates the equal protection clauses of the United States and Idaho Constitutions. U.S.Const. amend. XIV; Idaho Const. art. 1, § 13.

> Equal protection of the laws is something more than an abstract right. It is a command which the State must respect, the benefits of which every person may demand. Not the least merit of our constitutional system is that its safeguards extend to all—the least deserving as well as the most virtuous.

*Hill v. Texas*, 316 U.S. 400, 406, 62 S.Ct. 1159, 1162, 86 L.Ed. 1559 (1942).

Even though, as the majority points out, the regulation of liquor licenses is clearly given to the state, that power must not be arbitrarily used.

> It is well settled under the decisions of the U.S. Supreme Court that a state police regulation is, like any other law, subject to the equal protection clause of the Fourteenth Amendment.

> .    .    .    .    .

> The fact that the appellant is in the liquor business does not release the state from the restrictions on its regulatory powers above referred to. It may authorize the state to impose more stringent regulations against those engaged in that business than are imposed against those engaged in other callings, "but it affords no justification for discriminating between persons similarly situated who may be, or may desire to become, engaged in that calling." [Citation omitted.]

*Glicker v. Michigan Liquor Control Comm'n*, 160 F.2d 96, 100, 101 (6th Cir. 1947).

The landmark case of *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) stated the federal view of equal protection in viewing statutory classifications: "The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute." *Id.* at 75–76, 92 S.Ct. at 253.

The courts have not been reluctant to invalidate a liquor control statute when that statute creates a classification which violates equal protection. *Women's Liberation Union of Rhode Island v. Israel*, 512 F.2d 106 (1st Cir. 1975); *Daugherty v. Daley*, 370 F.Supp. 338 (N.D.Ill.1974); *United States v. Cantrell*, 307 F.Supp. 259 (E.D.La. 1969); *Pacific Fruit & Produce Co. v. Martin*, 16 F.Supp. 34 (W.D.Wash.1936); *Arizona State Liquor Bd. of the Dept. of Liquor Licenses and Control v. Ali*, 27 Ariz.App. 16, 550 P.2d 663 (1976); *City of Miami v. Kayfetz*, 92 So.2d 798 (Fla.1957); *Alcoholic Beverage Control Bd. v. Burke*, 481 S.W.2d 52 (Ky.1972); *George Benz Sons, Inc. v. Ericson*, 227 Minn. 1, 34 N.W.2d 725 (1948).

An analysis of the applications of equal protection will show how the Idaho system fails the test. "The standard for evaluating ordinances claimed to be violative of due process or equal protection is whether a rational basis exists for the police power exercised or classification established by the ordinance." *Autotronic Systems, Inc. v. City of Coeur d'Alene*, 527 F.2d 106, 108 (9th Cir. 1975).

This Court has previously ruled liquor licensing statutes unconstitutional. In *Weller v. Hopper*, 85 Idaho 386, 379 P.2d 792 (1963), the Court held that a statute which prohibits felons from holding liquor licenses violates equal protection because "no reasonable ground or basis for such a distinction between them [felons and non-felons], as prospective licensees, exists." *Id.* at 392, 379 P.2d at 795.

As applied here, the classification engendered by the statute results in a system

that will grant liquor licenses to golf courses, convention centers, and lakeside resorts, but will deny that license to a tennis club.

"But the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *F. S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920).

The failing of the majority opinion, like that in *Cantrell,* is defending as rational a refusal to license a sports club when the basis for that refusal is that the sport involved is tennis and not golf. It does not seem to me that tennis players require greater protection from the evils of drink than golfers. The irrational distinctions of the statute are not justified even recognizing the great power of the state in the field of liquor licensing. The equal protection clause is violated because the state has not justified the need to deny a license to a tennis club when a similarly situated golf club would have received a license.

BISTLINE, J., concurs.