560 P.2d 871

**Marjorie Ruth MOON, as State Treasurer, Petitioner,**

v.

**The INVESTMENT BOARD of the State of Idaho, Respondent.**

No. 12357.

Supreme Court of Idaho.

March 1, 1977.

Wayne P. Fuller, Special Asst. Atty. Gen., Caldwell, for petitioner.

James R. Hargis, Deputy Atty. Gen., Wayne L. Kidwell, Atty. Gen., Peter E. Heiser, Jr., Chief Deputy Atty. Gen., Boise, for respondent.

PER CURIAM:

The plaintiff State Treasurer filed a petition for writ of mandate or prohibition, seeking, among other things, to prohibit the transfer to the Investment Board Expense Fund of any further interest income earned by the Investment Board upon the investment of the assets of the public school endowment fund. Other issues presented by the writ were quashed. The Investment Board had, pursuant to appropriations by the legislature, on June 25, 1976, transferred $100,000 interest income earned by investment of public school endowment funds into the Investment Board Expense Fund, to defray expenses of investing those assets by the investment board.

The sole issue presented by plaintiff's petition is whether or not the legislature may constitutionally appropriate and authorize a portion of the earnings from the investment of the public school funds to be transferred to and used by the Investment Board Expense Fund to defray the expenses incurred by the Investment Board in the investment of the public school fund. It is our opinion that the legislation authorizing this practice, and the practice itself, is in violation of Art. 9, § 3, of the Constitution of the State of Idaho. *State v. Fitzpatrick*, 5 Idaho 499, 51 P. 112 (1897). See also, *Roach v. Gooding*, 11 Idaho 244, 81 P. 642 (1905); *Teachers' Retirement System of Idaho v. Williams*, 84 Idaho 467, 374 P.2d 406 (1962). The alternative writ of prohibition heretofore issued, insofar as the issue regarding the transfer of earnings from public school funds for the purpose of defraying expenses is concerned, is made permanent.

SHEPARD, Justice, dissenting.

I am impelled to dissent for a number of reasons. This Court has since statehood indulged in the presumption of the constitutionality of legislative action. *Engelking v. Investment Board*, 93 Idaho 217, 458 P.2d 213 (1969); *Leonardson v. Moon*, 92 Idaho 796, 451 P.2d 542 (1969); *Caesar v. Williams*, 84 Idaho 254, 371 P.2d 241 (1962); *State ex rel. Brassey v. Hanson*, 81 Idaho 403, 342 P.2d 706 (1959). In my view, the legislature has obeyed the constitutional mandate that the Public School Fund, while "inviolate" be "securely and profitably invested *as may be by law directed*." (Emphasis supplied.) This Court most recently in *Moon v. Investment Board*, 96 Idaho 140, 525 P.2d 335 (1974), has held that the legislature did not constitutionally infringe upon the duties of the office of State Treasurer when it, by statute, provided that the Investment Board was created and vested with power and authority to make the investments of the Public School Fund. The legislature next by statute appropriated a portion of those investment earnings to defray the expenses incurred in the investment. Here there is no argument but that the monies so appropriated by the legislature were reasonably necessary to and represent the reasonable expenses incurred by the Board in its investment duties. There can be no argument that such legislation is merely a ruse to allow invasion of the corpus of the school fund since the Constitution also requires that any losses to that fund, occasioned by investment, will be by the legislature made up to the Public School Fund. *See, Moon v. Investment Board, supra.*

I find it hard to conceive that the drafters of the Constitution, while specifically providing that the corpus of the Public School Fund should remain "inviolate" and requiring the makeup of all losses to said fund, also meant that the *gross* earnings from the investments are similarly "inviolate" from any costs reasonably incurred in the investment process. I realize that the language of the Constitution:

"No part of this fund, principal or interest, shall ever be transferred to any other fund, or used or appropriated except as herein provided"

could be so construed, however, I do not believe that such a narrow construction of that clause is either necessary or desirable.

It appears clear that the Public School Endowment Fund constitutes the corpus of a trust, and that the State of Idaho through the legislature and its delegates are the trustees thereof. In my judgment the general law is clear that a trustee is entitled to reimbursement or setoff of those expenses reasonably incurred in the investment and administration of the trust corpus. *See,* Restatement, Trusts, 2d § 244; 90 C.J.S. Trusts § 394 at pp. 716–717; Bogert, Law of Trusts (1973) § 153, at p. 509.

I would hold that in the case at bar the Court should be guided by the principle announced in *Moon v. Investment Board, supra* :

"Implementation of constitutional principals is an appropriate function of legislation, and unless such implementing legislation is clearly in violation of the constitutional principle, it is a valid exercise of the legislative power.

I would further note that although this action was supposedly brought to protect the interests of the school children of the State of Idaho, certain parties such as the State Superintendent of Public Instruction and the State Board of Education, who bear at least the primary constitutional responsibility for the protection of those interests, are strangely missing in the case at bar. In the early days of statehood the primary source of state level funding for public schools may well have been the income from the investment of the Public School Endowment Fund. In more modern times and particularly today, however, the state level monies so received by the schools from the investment return is almost miniscule as contrasted with those funds directly appropriated from the general fund of the State of Idaho. *See Thompson v. Engelking*, 96 Idaho 793, 537 P.2d 635 (1975). I suspect that when the tumult and the shouting dies the school children of the State of Idaho will be left exactly where they were. The legislature, being forbidden from reimbursing the expenses incurred in investment from the proceeds of the investment, will undoubtedly reduce the otherwise general fund legislative appropriation to the public schools by an equivalent amount.