The STATE OF IDAHO on relation of Marjorie Ruth MOON, State Treasurer of the State of Idaho, Plaintiff-Appellant,

v.

STATE BOARD OF EXAMINERS, and the Legislature of the State of Idaho, by and through Allan F. Larsen, Speaker of the House, and James Ellsworth, President Pro-Tem of the Senate, Defendants-Appellees.

No. 77–2157.

United States Court of Appeals,
Ninth Circuit.

Jan. 6, 1978.

Before ELY, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This action was one of several brought by the Treasurer of the State of Idaho against the State Board of Examiners and the State Legislature. *See Moon v. Investment Board,* 98 Idaho 200, 560 P.2d 871 (1977); *Moon v. Investment Board,* 96 Idaho 140, 525 P.2d 335 (1974). Appellant asserts two claims for relief: (1) for alleged losses to the Public School Endowment Fund, and (2) for recovery of interest derived from the Public School Endowment Fund used to pay the expenses of the Investment Board.

In a parallel action the Idaho Supreme Court held that the use of interest for the purpose of defraying expenses of the Investment Board was improper, invalidating the statutory authority for such use as unconstitutional. *Moon v. Investment Board,* 98 Idaho 200, 560 P.2d 871 (1977).

On appellees' motion to dismiss, the district court found subject matter jurisdiction over the suit, but granted the motion. Recognizing that the case does not fall within any of the three areas traditionally justifying abstention, the court concluded that *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), justified dismissal in another category of situations where "principles rest[ing] on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" were involved. C.R. 44 (Memorandum) *quoting Colorado River Water Conservation District, supra* (citation omitted).

This appeal is from that dismissal.

█ We first consider the issue of federal jurisdiction. The Idaho Admission Act, which adopted and ratified the Idaho State Constitution, does not support federal jurisdiction over any suit founded on a state constitutional provision so adopted and ratified. If it did, every state constitutional claim in any state admitted to the Union pursuant to an Admission Act would become *pro tanto* a federal question supporting jurisdiction in the federal courts. All

such state claims assuredly do not support federal jurisdiction. Mere ratification of state legislation by an Admission Act is not sufficient to support jurisdiction in the federal courts.

█ In this case, however, we have more than mere ratification of state-created rights. As the district court noted, this suit concerns conditions attached to the grant of public lands to the state of Idaho. Hence, a substantial federal question is presented, and the district court correctly found subject matter jurisdiction.

*United States v. Fenton,* 27 F.Supp. 816, 819 (D.Idaho 1939), supports this holding. It is significant that *Fenton* also involved interpretation of conditions to a grant of land by the United States. Thus, neither *Fenton* nor our holding in this case supports a finding of federal jurisdiction for all suits brought under an Admissions Act.

Although the court did have jurisdiction over the suit, we think nevertheless that it acted wisely in dismissing it under the doctrine announced in *Colorado River Water Conservation District, supra.* The suit is one between two branches of state government, and involves the interpretation of state constitutional provisions substantially similar to those in the Idaho Admission Act.

While the United States does have a continuing interest in insuring that the conditions of the grant are satisfied, *see Lassen v. Arizona,* 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967), the state political and judicial processes have not been shown to be incapable of dealing with the problem. As noted above, related suits have been brought in the Idaho state courts, and appellant appears to have been treated favorably there. Indeed, it even appears that *Moon v. Investment Board,* 98. Idaho 200, 560 P.2d 871 (1977), coupled with the state legislature's response, *see* ch. 188, 1977 Idaho Session Laws, render appellant's second claim moot.

Appellant has shown no reason to justify the fracturing of this dispute between branches of the state government into several suits, or to justify their dispersal

through state and federal forums. Sound judicial policy requires the "comprehensive disposition of litigation." That was the concern expressed by the Supreme Court in *Colorado River Water Conservation District, supra,* and that was the same concern expressed by the district judge.

We conclude that the district judge acted properly and wisely in dismissing the suit. Affirmed.